IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS CAVAZOS, | : | |
|    Petitioner | : | |
| | : | No. 1:22-cv-01022 |
| v. | : | |
| | : | (Judge Rambo) |
| FNU MACHALT, | : | |
|    Respondent | : | |

## MEMORANDUM

Pending before the Court is pro se Petitioner Thomas Cavazos ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241") and Respondent's suggestion of mootness. For the reasons set forth below, Petitioner's petition will be dismissed without prejudice as moot.

### I.  BACKGROUND

On January 25, 2022, Petitioner, a former federal inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), commenced the above-captioned action by filing a letter-petition (Doc. No. 1), followed by an amended petition (Doc. No. 6), in the United States District Court for the Northern District of Texas ("Northern District of Texas"). Because Petitioner was incarcerated at the Federal Correctional Institution in El Reno, Oklahoma at the time he filed his petition, the Northern District of Texas ordered that his case be transferred to the United States District Court for the Western District of Oklahoma ("Western District of Oklahoma"). (Doc. No. 8.)  Subsequently, on

May 31, 2022, counsel for Respondent filed a motion to transfer Petitioner's case to the United States District Court for the Middle District of Pennsylvania, because Petitioner had been transferred to USP Lewisburg. (Doc. No. 22.) Roughly one month later, on June 29, 2022, the Western District of Oklahoma ordered that Petitioner's case be transferred to the Middle District of Pennsylvania. (Doc. Nos. 23, 24.)

In his Section 2241 petition, Petitioner challenges the computation of his federal sentence. (Doc. Nos. 1, 6.) More specifically, Petitioner contends that the Federal Bureau of Prisons ("BOP") improperly denied him jail time credit towards his federal sentence. (Doc. No. 1 at 1; Doc. No. 6 at 5, 7.) As for relief, Plaintiff requests that this jail time credit count towards his federal sentence. (Doc. No. 1 at 1; Doc. No. 6 at 7.)

On July 12, 2022, this Court, inter alia, directed service of the petition on Respondent. (Doc. No. 27 (directing the Clerk of Court to serve a copy of the letter-petition originally filed by Petitioner, as well as the amended petition).) On August 1, 2022, Respondent filed a response to the petition, arguing that Petitioner had failed to exhaust his administrative remedies before filing the petition in federal court and that, alternatively, the petition is without merit, as the computation of Petitioner's federal sentence is correct. (Doc. No. 29.) Thereafter, on March 10, 2023, Respondent filed a suggestion of mootness on the Court's docket, noting that the

BOP released Petitioner from federal custody on February 17, 2023, and asserting that the petition is moot. (Doc. No. 30.)

## II. DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction" see id. (citations omitted), or sentence, see Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is

3

attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant petition is generally moot, as Petitioner was released from federal custody on February 17, 2023, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. See id. Here, however, Petitioner has not stated, much less demonstrated to the Court, that he suffers from any secondary or collateral consequences. Thus, the Court finds that Petitioner has not proven collateral consequences of his sentence. As a result, his petition is moot.

4

## III.  CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot.  An appropriate Order follows.


Dated: May 1, 2023                                              s/ Sylvia H. Rambo
                                                                             SYLVIA H. RAMBO
                                                                             United States District Judge